IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH YINKA SOBODE, | § | |
| | § | |
| Defendant/Movant, | § | |
| | § | |
| V. | § | CIVIL ACTION  NO. H-06-2194 |
| | § | CRIMINAL ACTION NO. H-03-081-13 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent. | § | |

**ORDER EXPANDING THE RECORD AND
MEMORANDUM AND RECOMMENDATION
GRANTING UNITED STATES' MOTION TO DISMISS AND
ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255, is the United States'

Answer and Motion to Dismiss and, alternatively, Motion for Summary Judgment (Document No.

446) and Movant Joseph Yinka Sobode's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct

Sentence (Document No. 439).   Having reviewed the Motion to Vacate, Set Aside or Correct

Sentence and Memorandum in Support, the United States' Motion to Dismiss and alternative Motion

for Summary Judgment, Sobode's Motion to Expand the Record and the submissions contained

therein (Document No. 449), the record of the proceedings before the District Court in the underlying

criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set

forth below, that the United States' Motion to Dismiss and alternative Motion for Summary

Judgment be GRANTED, that Movant Sobode's § 2255 Motion to Vacate, Set Aside or Correct

Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

I.      **Procedural History**

Movant Joseph Yinka Sobode ("Sobode"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255.  This is Sobode's first motion pursuant to § 2255.

March 10, 2003, Sobode was charged by Indictment, along with numerous co-defendants, with one county of conspiracy to commit bank fraud (Count 1), one count of conspiracy to commit money laundering (Count 2) and forty-four counts of bank fraud (Counts 3 - 46).  (Document No. 1).  On May 1, 2003, Sobode pled guilty to counts one and fourteen, pursuant to written Plea Agreement.  (Document Nos. 111 & 112).  A presentence investigation report was then prepared, to which Sobode filed objections.  (Document No. 183).  At sentencing, which was held on October 3, 2003, the Government's Motion for Downward Departure was granted, Sobode's objections to the PSR were overruled, and Sobode was sentenced to 60 months confinement on count one and 97months confinement on count fourteen, with the terms of imprisonment ordered to run concurrently, a five year term of supervised release, and restitution in the amount of $4,867,804.98.  (Document No. 193).  Judgment was entered on October 10, 2003.  (Document No. 213).

Sobode filed a timely appeal, but the appeal was dismissed upon the Government's motion on June 23, 2005.  (Document No. 414).  Sobode's petition for writ of certiorari was denied by the United States Supreme Court on October 31, 2005.  (Document No. 424).  This § 2255 proceeding, filed within one year of that denial, followed.  (Document No. 439).  The Government has filed an Answer, a Motion to Dismiss and an alternative Motion for Summary Judgment (Document No. 446).  In response, Sobode has filed a Motion to Expand the Record (Document No. 449), seeking

to include in this § 2255 proceeding his own affidavit and a letter he received from an attorney from

whom he had sought advice about how to further reduce his sentence.  This § 2255 proceeding is

now ripe for ruling.

## II.     Issue Presented

Sobode raises two claims in this § 2255 proceeding:

1.      that his sentence is unconstitutional because the Court sentenced him based on factors that were not proven to a jury nor admitted by him, in contravention of the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005); and

2.      that he was improperly denied a three point downward adjustment for acceptance of responsibility.

§ 2255 Motion (Document No. 439) at 4-5.   The Government argues in its Motion to Dismiss that

dismissal of Sobode's § 2255 Motion to Vacate, Set Aside or Correct Sentence is warranted because

Sobode, as part of his written Plea Agreement, knowingly and voluntarily waived his right to

collaterally challenge his conviction and sentence in a § 2255 proceeding such as this.  In the

alternative, the Government argues that no relief is available to Sobode on the merits of his claim(s).

## III.    Expansion of the Record

In response to the Government's Motion to Dismiss, Sobode seeks to expand the record with

his own affidavit and a letter he received from an attorney who had offered him an opinion regarding

the possibility of obtaining a further reduction of his sentence.

Rule 7 of the Rules Foll. 28 U.S.C. § 2255, provides for the expansion of the record as

follows:

(a) **In General.** If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion. The judge may require that these materials be authenticated.

(b) **Types of Materials.** The materials that may be required include letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be submitted and considered as part of the record.

(c) **Review by the Opposing Party.** The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

Here, given that the Government has moved for dismissal of Sobode's § 2255 motion but has alternatively moved for summary judgment, Sobode's affidavit and letter can and should be considered herein. Accordingly, Sobode's Motion to Expand the Record (Document No. 449) is GRANTED.

## IV.   Discussion

The Government first argues that Sobode's § 2255 motion should be dismissed because Sobode knowingly and voluntarily waived his right to appeal his conviction and sentence and also knowingly and voluntarily waived his right to pursue collateral relief in a § 2255 proceeding such as this. In addition, the Government argues that no relief is available, as a matter of law, on the merits of the two claims Sobode raises in his § 2255 motion.

### A.   Waiver

A defendant's waiver of his statutory right to collaterally challenge his conviction with a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994);

*United States v. Davila,* 258 F.3d 448, 451-52 (6th Cir. 2001).   When, however, a defendant alleges

that his counsel was ineffective in negotiating a plea agreement, such ineffectiveness claims survive

the waiver if "the claimed assistance affected the validity of that waiver or the plea itself." *United*

*States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).  In addition, such waivers do not "preclude review

of a sentence that exceeds the statutory maximum."  *United States v. Hollins*, 97 Fed. Appx. 477,

479 (5th Cir. 2004).   In the context of a plea agreement waiver, a sentence exceeds the statutory

maximum only when it exceeds the maximum allowed by statute.  *United States v. Bond*, 414 F.3d

542, 546 (5th Cir. 2005); *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005), *pet. for cert. filed*

(U.S. Sept. 14, 2005) (No. 05-369).

     In this case, the record shows that Sobode, as part of his written Plea Agreement, waived his

right to appeal, including the manner in which his sentence was determined, and waived his right to

collaterally challenge his conviction and/or sentence.  The Plea Agreement provides in this respect:

> 12.    The defendant is aware that the defendant's sentence will be imposed in accordance with <u>USSCGM</u>.  The defendant nonetheless acknowledges and agrees that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty.  The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. **Knowing that, the defendant waives the right to appeal the sentence or the manner in which it was determined on the grounds set forth in Title 18, United States Code, Section 3742 except only that he may appeal any upward departure from the <u>USSCGM</u> not requested by the United States.**  This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

> 13.    The defendant is also aware that the United States Constitution and the laws of the United States, including Title 28, United States Code, Section 2255, afford a defendant the right to contest or "collaterally attack" his conviction or sentence after his conviction has become final. **Knowing that, the defendant waives his right to contest or collaterally attack his conviction or sentence by means of ant post-conviction proceeding.**

14.     In agreeing to waive his right to appeal his sentence or collaterally attack his conviction or sentence, the defendant is aware that a sentence has not yet been determined by the Court. **The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United states, the Probation Office or the Court.** The United States does <u>not</u> make any promise or representation concerning what sentence the defendant will receive. Realizing the uncertainty in estimating what sentence the defendant will ultimately receive, **in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly waives the right to contest his conviction or sentence by means of a post-conviction proceeding, and he knowingly waives the right to appeal the sentence except to the extent set out above.**

Plea Agreement (Document No. 112) at ¶ 12-14 (emphasis in original). In addition, at his Rearraignment, after making sure that Sobode had personally read the Plea Agreement and had conferred with his attorney about the contents of the Plea Agreement,[1] the Court carefully questioned Sobode about the waiver provisions in the Plea Agreement:

THE COURT: All right, now is the plea agreement to your satisfaction?

DEFENDANT SOBODE: Yes, sir.

THE COURT: All right. Because you have told me that you do understand it and don't need any further explanation, I won't go over all of it with you, but let me call to your attention some of its provisions.

    In Paragraph 1 you agree to plead guilty to Count One, which charges you with conspiracy to commit bank fraud, and Count Fourteen of the indictment, which charges you with bank fraud. You understand?

DEFENDANT SOBODE: Yes, sir.

---

[1] Prior to the Court discussing the waiver provisions with Sobode, Sobode had expressed dissatisfaction with certain statements in the factual basis section of the Plea Agreement. Rearraignment Transcript (Document No. 378) at 7-13. The factual basis section was modified to Sobode's satisfaction. *Id.*

THE COURT:  And then in Paragraph 2 it states the government will not object to a finding that you should have a two-level downward adjustment in the guidelines for acceptance of responsibility.  And the third point, if that applies, for having timely notified authorities of your intent to enter a guilty plea.

You understand that the mere fact that the government doesn't oppose your getting that downward adjustment does not mean that you will receive it?  You understand?

DEFENDANT SOBODE:  Yes, sir.

THE COURT:  The point is that the judge still has to make that determination at the time of sentencing, if at that time it appears that you are entitled to it or not.  You understand?

DEFENDANT SOBODE:  Yes, sir.

THE COURT:  Then down here in E, it states that the United States agrees to dismiss the remaining counts of the indictment after you have been sentenced on Counts One and Fourteen.

So you understand what the Government's agreements are?

DEFENDANT SOBODE:  Yes, sir.

THE COURT:  Now, back here in Paragraph 12, it states that you are aware of your right to appeal any sentence that is imposed; and being aware of that right, you waive, that is you give up your right to appeal the sentence or the manner in which it was determined, except only you may appeal an upward departure from the Sentencing Guidelines that is not requested by the United States.

So you understand that otherwise, you are giving up your right to appeal to a higher court?

DEFENDANT SOBODE:  Yes, sir.

THE COURT:  And then in Paragraph 13, it also speaks of your giving up your right to make any collateral attack upon your conviction at a later time.  So, if you were sentenced to a time in prison, after this case is final and the judgment is final, what this says is that you are willing to give up your right to make a collateral attack later on by filing a Section 2255 proceeding to set aside your sentence or contend that you have been denied some constitutional right and should have a petition for writ of habeas corpus granted.

You understand what I'm talking about?

DEFENDANT SOBODE:  Yes, sir.

> THE COURT:  And you are giving up that right.  If you are sentenced to prison, you're not going to come back here and make some kind of challenge attacking this proceeding; is that correct?
>
> DEFENDANT SOBODE:  Yes, sir.

Rearraignment Transcript (Document No. 378) at 13-15.  Following additional admonishments, the Court determined that Sobode's guilty plea was knowing and voluntary.  *Id.* at 35.

Sobode's plea agreement waiver of his right to collaterally attack his conviction and/or sentence with a § 2255 motion is, upon this record, enforceable.  Sobode affirmed that he had read the entire Plea Agreement and had discussed its contents with counsel.  In addition, Sobode affirmed that the Plea Agreement contained the entirety of his agreement with the Government and acknowledged that any sentence prediction that he had received from his counsel or the Government was a prediction, not a promise.  Finally, Sobode's sentence does not exceed the statutory maximum – that is, the maximum sentence allowed by statute, *see* 18 U.S.C. § 1344 (maximum 30 year term of imprisonment), and does not constitute an upward departure from the Sentencing Guidelines.  *See United States v. McKinney*, 406 F.3d 744, 746-47 (5th Cir. 2005).  In addition, the Fifth Circuit has explicitly held that *Blakely/Booker* claims do not survive the type of Plea Agreement waivers at issue herein.  *See e.g., Bond*, 414 F.3d at 546; *Cortez*, 413 F.3d at 503; *United States v. Beaird*, 2005 WL 1767939 (5th Cir. 2005); *United States v. Trigg*, 141 Fed. Appx. 296, 297 (5th Cir. 2005); *United States v. Armendariz*, 138 Fed. Appx. 686, 687 (5th Cir. 2005); *see also United States v. Taiwo*, No. 03-21012 (5th Cir. February 23, 2006) [Document No. 434] (holding that the plea agreement waiver by Taiwo (Sobode's co-defendant) precluded review of Taiwo's *Blakely/Booker* claims).

Although Sobode appears to maintain, with the Affidavit he filed to expand the record, that his guilty plea was based on certain promises that were not fulfilled, Sobode's statements in his

Affidavit do not raise a genuine issue of material fact as to the knowing and voluntary nature of

Sobode's guilty plea and the associated waiver of his right to seek collateral relief.  Sobode states

in his Affidavit that he was told and promised that he would receive certain reductions for acceptance

of responsibility:

> . . . I was told by my lawyer that I would be getting a 5 point reduction for acceptance
> of responsibility for acceptance and cooperation.  I was told by my attorney that the
> government would not oppose the additional 3 point reduction on the plea agreement.
>
> My attorney promised me a 5 point reduction if I plead guilty and I was
> promised that the government would help me with my immigration status.
>
> * * *
>
> I was under this belief of this promise up to the day of sentencing, for the
> reason that, this was what my lawyer had been telling me all along and I did tell the
> court during my sentencing.  When I prepared that statement before sentencing, I
> asked to be sentenced according to the agreement between the Government and I,
> because it is evidently clear that I did accept responsibility and co[o]perated and there
> is no disputing that.

(Document No. 449) at 3, 4.  Sobode further states in his Affidavit that the Rearraignment transcript

does not accurately reflect what took place at the Rearraignment hearing:

> 1.      First of all during my rearraignment hearing, according to the transcript of the
> court, page 16 line 24, and page 17 line 13 to 18.  When I was asked by the court if
> I had been promised anything as part of the agreement.  I answered "I think so sir",
> but my attorney agreed with the prosecutor to silence the record in that part of the
> proceedings.  Page 17, line 21 and line 23 through page 18 to line 1 to 19, I believe
> that they used this to silence the record.
>
> 2.      Second, if you look at the rearraignment video tape around 2 p.m., page 2 line
> 12 to 22, at this point my attorney went off the record again.  On page 3 line 5 you
> can see that my attorney was not present during the presentation of the Presentence
> report.  Also he never sent me a copy of the objection that he made on my behalf.
> According to court records, the objection was rendered at the last minute on October
> 1, and my sentencing was October 3, that would have giving [sic] me 2 months to
> resolve this issue.  2 months of time to resolve this issue that I never received.  This

was discovered during my appeal, from transcript records, sent to me from the appeals court.

\* \* \*

4.       It is also my belief that in page 21 line 17 to 23 there is a lot [sic] of misunderstanding, here again from some add [sic] reason my attorney silenced my response to this question.  I was informed by my lawyer that I would be getting the 5 point reduction off the guideline also that I would be helped by the government on my immigration status according to the promise.  If you would look at transcript from beginning to the end you will see that there is overwhelming evidence to support my point.  If you anilise [sic] the video from the rearraignment hearing you can see that there is misunderstanding from what I was agreeing to on my sentencing and to what I actually get my 5 point off.

(Document No. 449) at 3.

Sobode's Affidavit does not call into question either the accuracy of the Rearraignment transcript or the solemn declarations he made on the record at the Rearraignment hearing that the entirety of his agreement with the Government was contained in the written Plea Agreement. *See Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("we give the statements during the colloquy greater weight than we give unsupported, after- the-fact, self-serving revisions").  The pages of the Rearraignment transcript about which Sobode complains reflect the following:

> THE COURT:  Is that agreed stipulated factual basis, are those facts all true now as it is now read?
>
> DEFENDANT SOBODE:  Yes, sir.
>
> THE COURT:  All right.  Is there any other part of this agreement that you want me to go over with you?
>
> DEFENDANT SOBODE:  Everything is all right, sir.

* * *

THE COURT:   And do you believe you have any other agreement with the government other than what is set forth in this written plea agreement?  Do you have any additional agreement with the government in addition to what is set forth in this written plea agreement?

DEFENDANT SOBODE:  I think so.

THE COURT:  What is your other agreement with the government?

COUNSEL PORTZ:  He's probably referring to Paragraph 22, Your Honor.

AUSA:  That's the 5K provision.

THE COURT:  That's in the written plea agreement.  What that states is that if the government, in its sole discretion, decides that you have given substantial assistance, then they may make a motion under Section 5K1.1 for a downward departure.  But you understand, as well, that that depends upon what the government decides about your cooperation; is that correct?

DEFENDANT SOBODE:  Yes, sir.

THE COURT:  And even though you think you may have helped them and testified truthfully and given them substantial assistance in solving other crimes and your lawyer may agree and I may agree, it doesn't make any difference unless the government agrees?  You understand?

DEFENDANT SOBODE:  Yes, sir.

THE COURT:  Because it's up to them as to whether they think that you have given them substantial assistance or not.  Do you understand?

DEFENDANT SOBODE:  Yes, sir.

THE COURT:  Now, is that what you were referring to when I asked if you had any other agreement with the government?

DEFENDANT SOBODE:  Yes, sir.

THE COURT:  Well, that's in the written plea agreement, of course.  You don't have anything outside the written plea agreement, do you?

DEFENDANT SOBODE:  No, sir.

THE COURT:  So the only agreement that you have with the government, it's all set forth in this written plea agreement; is that correct?

DEFENDANT SOBODE:  Yes, sir.

THE COURT:  Has anyone else, then, made any other kind of promise to you or assurance of any kind in order to attempt to persuade you to plead guilty?

DEFENDANT SOBODE:  No, sir.

THE COURT:  And has the Government or anybody else coerced you or threatened you or in any way attempted to force you to plead guilty in this case?

DEFENDANT SOBODE:  No, sir.

* * *

THE COURT:  All right.  Have you talked with your lawyer about how the U.S. Sentencing Guidelines may apply to your case?

DEFENDANT SOBODE:  No, I haven't talked to him.

THE COURT:  You haven't talked to him about the guidelines?

COUNSEL PORTZ:  We talked about the guidelines.

DEFENDANT SOBODE:  Yes, sir.

THE COURT:  The U.S. Sentencing Guidelines that judges must follow in imposing sentence, that's what I'm asking about.

DEFENDANT SOBODE:  Yes, sir.

THE COURT:  Did you misunderstand the question at first?

DEFENDANT SOBODE:  Yeah.

THE COURT:  You understand now what I'm asking you about, whether you have talked with your lawyer about how the U.S. Sentencing Commission guidelines that judges must follow may apply in your case?

DEFENDANT SOBODE:  Yes, sir.

Rearraignment Transcript (Document No. 378) at 16-19; 21-22.  Despite Sobode's statements in his

Affidavit to the contrary, there is no video tape of the Rearraignment hearing.  In addition, the

written transcript of the Rearraignment proceeding does not reflect or evidence that the record was

"silenced," that there were any "misunderstandings" that went uncorrected, or that Sobode was

unable to express  himself and his understanding of the terms of the Plea Agreement.  Rather, the

written transcript of the Rearraignment proceeding shows that Sobode's guilty plea and the execution

of the written Plea Agreement, including the waivers of his right to appeal and seek collateral review

contained therein, were made knowingly and voluntarily.  Sobode has come forth with no evidence

to raise a genuine issue of material fact to the contrary.[2]  As a result, Sobode's waiver of his right

to file a § 2255 proceeding precludes consideration of the claims Sobode raises in this § 2255

proceeding.

**B.     Merits**

Even if Sobode's Plea Agreement waiver was not enforceable, for the reasons advanced by

the Government no relief is available to Sobode on the merits of his claims.

First, Sobode's claims are procedurally barred from review in this § 2255 proceeding because

Sobode did not raise the claims he asserts herein in his direct appeal.[3]  *See United States v. Shaid*,

---

[2] Sobode neither states nor asserts that the waiver provisions of the Plea Agreement were unknowing or involuntary.

[3] In his direct appeal, Sobode claimed in his *pro se* brief that his guilty plea was not knowing and voluntary, because he was not advised by the Court that his sentence could be enhanced based on facts not admitted by him or found by a jury beyond a reasonable doubt, and that the trial court erred in failing to inform him of the essential elements of the offense which increased his sentence.  Sobode's appellate counsel filed an *Anders* brief.

937 F.2d 228, 232 (5th Cir. 1991) ("A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."), *cert. denied*, 502 U.S. 1076 (1992); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only of the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'"). Sobode has made no showing of cause and prejudice or that he is actually innocent in order to overcome the procedural bar.

Second, Sobode's *Booker* error claim cannot survive plain error review. *See United States v. Mares*, 402 F.3d 511, 513, 520 (5th Cir. 2005) (*Booker* error that was not raised at the trial level is reviewed for plain error), *cert. denied*, 126 S.Ct. 43 (2005). To establish plain error, Sobode would have to establish: "(1) error, (2) that is plain, and (3) that affects substantial rights." *Mares*, 402 F.3d at 520. An error affects substantial rights if it "'affected the outcome of the district court proceedings,'"and was "'sufficient to undermine confidence in the outcome.'" *Id.* at 521 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993) and *United States v. Dominguez-Benitez*, 542 U.S. 74, 124 S.Ct. 2333, 2340 (2004)). Here, there has been no showing that the "sentencing judge– sentencing under an advisory scheme rather than a mandatory one– would have reached a significantly different result." *Id.* at 521.

Third and finally, Sobode's complaint that he was improperly denied a three point reduction for acceptance of responsibility is a complaint that is not cognizable or redressable in a § 2255 proceeding. *See United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's

calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."), *cert. denied*, 516 U.S. 1165 (1996); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) ("Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. . . . A district court's technical application of the [Sentencing] Guidelines does not give rise to a constitutional issue.") (citations omitted).

## IV.     Conclusion and Recommendation

Based on the foregoing and the conclusion that Sobode knowingly and voluntarily waived his  right to collaterally attack his conviction, and that no relief is available to Sobode on his claims in any event, the Magistrate Judge

RECOMMENDS that the United States' Motion to Dismiss and alternative Motion for Summary Judgment (Document No. 446 ) be GRANTED, that Movant Joseph Yinka Sobode's  28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 439) be DENIED, and that this § 2255 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir.

1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en

banc).   Moreover, absent plain error, failure to file objections within the ten day period bars an

aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services*

*Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).   The original of any written objections

shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 2nd  day of  February, 2007.


Frances H. Stacy
United States Magistrate Judge